IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41398
Summary Calendar
_____

FLOYD HACKEY,

Plaintiff-Appellant,

versus

GOODYEAR TIRE & RUBBER COMPANY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:96cv1042
--------------------
September 22, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The plaintiff-appellant appeals the district court's denial of his claim for group health benefits continuation coverage under the amendments made to ERISA by the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA"), 29 U.S.C. §§ 1166-1168.  The benefits in dispute were provided through a group health benefits plan ("plan") by his wife's employer, the Kelly Springfield Tire Company, a wholly-owned subsidiary of defendant-appellant Goodyear Tire & Rubber Company.  Hackey's suit arose in the wake of his divorce from his wife Rachel Hackey.

_____

      [*]   Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The plan required covered individuals to notify the plan administrator of a qualifying event, such as divorce, within 60 days in order to be eligible for continuation coverage. Hackey asserts that Goodyear failed to provide him with adequate notice of the plan's requirements and as such he should have been permitted to elect continuation coverage upon being informed of his failure to comply with these requirements. At a bench trial the district court heard testimony from Rachel Hackey that she had in fact delivered the Summary Plan Description book ("book") to the plaintiff-appellant. This book details the plan's continuation coverage requirements. Rachel Hackey further testified that Hackey had read the book and was aware the he was entitled to elect continuation coverage in the event of divorce.

Having reviewed the record and the briefs of the parties, we hold that the district court did not clearly err in concluding that Hackey had actual notice of the plan's requirements that he elect continuation coverage within six months of the qualifying event. Because Hackey had actual notice of the plan's requirements, his failure to comply with those requirements renders him ineligible for continuation benefits. Accordingly, the order of the district court is AFFIRMED.